UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN HODGES,

                Plaintiff,                Civil Action No. 14-11837
                                                        Honorable John Corbett O'Meara
v.                                             Magistrate Judge David R. Grand

CORIZON, CORIZON OF MICHIGAN,
PRISON HEALTH SERVICES, INC.,
HARRIET A. SQUIER, M.D., ASTER
BERHANE, M.D., JOSHUA A.
BUSKIRK, P.A., DANIEL A. HEYNS,
and GEORGE PRAMSTALLER,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANTS HEYNS AND PRAMSTALLER'S
## MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [47]

**I.    REPORT**

Before the Court is a Motion to Dismiss and for Summary Judgment filed on February 22, 2016, by Defendants Daniel Heyns and Dr. George Pramstaller (collectively the "MDOC Defendants"). (Doc. #47). Plaintiff Shawn Hodges ("Hodges"), an incarcerated person who is represented by counsel, submitted a response to this motion on March 29, 2016. (Doc. #52). An Order of Reference was entered on May 8, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #3).

In relevant part, Hodges' complaint includes a civil rights claim, brought pursuant to 42 U.S.C. §1983, in which he alleges that the MDOC Defendants were deliberately indifferent to a serious medical need, in violation of the Eighth Amendment. In their motion, the MDOC Defendants assert that dismissal of Hodges' claims against them is appropriate because Hodges cannot show that they had the requisite level of personal involvement in the events underlying

Hodges' claims. (Doc. #47 at 12-19). Specifically, the MDOC Defendants assert that "other than being named in the caption and identified by name and job title in the body of the Complaint, [Hodges] makes no specific allegations of wrongdoing against either Defendant to support any cause of action against them." (*Id.* at 12). In addition, both Heyns and Pramstaller have submitted affidavits detailing their lack of involvement in the actions at issue in this case. (*Id.* at Ex. A, B).

It is clear that, in order to demonstrate liability under §1983, a plaintiff must first establish that each named defendant acted under color of state law and that his or her actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff also must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). §1983 liability cannot be premised upon mere allegations of *respondeat superior*; rather, in order for a party to be held liable under §1983, there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421.

In this case, the evidence clearly establishes that neither of the MDOC Defendants were personally involved in any of the activity that forms the basis of Hodges' deliberate indifference or gross negligence claims. (Doc. #47 at Ex. A, B). Indeed, in his response to the MDOC Defendants' motion, Hodges "accedes to Defendants' position" and "acknowledges that [the] evidence is not sufficient to create a fact issue on the question of whether Defendant Heyns or Pramstaller had the requisite involvement in [Hodges'] claims." (Doc. #52 at 2). Thus, Hodges

2

indicates that he "does not oppose entry of an order granting Defendant Heyns and Defendant Pramstaller's motion to dismiss them, and only them, with prejudice." (*Id.* at 3).

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the MDOC Defendants' Motion to Dismiss and for Summary Judgment (**Doc. #47**) be **GRANTED** and that Hodges' claims against these defendants be dismissed in their entirety and with prejudice.

Dated: April 19, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 19, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
