UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN HODGES,

      Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*,

      Defendants.

_____/

Case No. 14-11837

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY

This matter came before the court on defendants Squier, Buskirk and Berhane's July 20, 2016 Motion to Preclude Plaintiff from Eliciting Expert Testimony from Any Witnesses at Trial. Plaintiff Shawn Hodges filed a response August 10, 2016; and Defendants filed a reply August 17, 2016. Oral argument was heard February 2, 2017.

## BACKGROUND FACTS

Following motions to dismiss and for summary judgment, the only remaining claim in this suit against the defendant medical personnel is for deliberate indifference to serious medical needs. Plaintiff Hodges was diagnosed with a malignant tumor on his wrist. The cancer spread, and Plaintiff underwent amputation of his arm below the elbow. Plaintiff alleges that Defendants unreasonably delayed his referral for cancer treatment during a two-month period of time, thereby causing the need for the amputation.

## **LAW AND ANALYSIS**

Pursuant to Rules 26(a)(2)(A-C) of the Federal Rules of Civil Procedure, a party must disclose, in writing, the identity of any witness it may use at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  "If the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 702, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  When a party fails to serve expert disclosures and reports, that party is prohibited from calling any expert witnesses to support his claims.  See Fed. R. Civ. P. 37(c)(1); Sexton v. Uniroyal, 62 F3d. Appx. 615, 616 (6th Cir. 2003).  "District courts have broad discretion to exclude untimely disclosed expert-witness testimony."  Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000).

Plaintiff Hodges has the burden of proof to show that Defendants' actions or inactions proximately caused him injury by not treating his cancer sooner.  See Santiago v. Ringle, 734 F.3d 585 593 (6th Cir. 2013).  To support his proximate cause argument, Plaintiff must offer expert testimony or other verifying medical evidence to show that his cancer spread between August and October 2011 and that he could

have avoided amputation if his cancer treatment had commenced sooner.  <u>Napier v.</u>
<u>Madison County</u>, 238 F.3d 739 (6th Cir. 2001).  However, plaintiff Hodges failed to
serve any expert disclosures or reports by the court's deadline.  Therefore, pursuant
to Rule 37(c)(1), he is prohibited from eliciting expert testimony from any witness at
trial to support his claims.

**<u>ORDER</u>**

It is hereby **ORDERED** that Defendants' July 20, 2016 motion to preclude
Plaintiff from eliciting expert testimony at trial is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  February 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel
of record on this date, February 16, 2017, using the ECF system.

s/William Barkholz
Case Manager
